IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANEURY BAEZ-ELIZA

Plaintiff

v.

INSTITUTO PSICOTERAPEUTICO DE PUERTO RICO, *et al.*

Defendants

Civil No. 09-1990 (SEC)

**OPINION & ORDER**

On November 18, 2010, the Court held in abeyance Plaintiff Aneury Baez-Eliza's ("Plaintiff") Motion to Compel discovery and ordered co-defendant Instituto Psicoterapeutico de Puerto Rico ("INSPIRA") to file a supplemental motion to support its request for an *in camera* review of emails allegedly protected by the attorney-client privilege. Docket No. 36.[1] Id. On December 2, 2010, with the benefit of the parties' supplemental submissions, the Court determined that documents No. 38, 46 and 47, as numbered by INSPIRA, were not privileged and ordered INSPIRA to produce them. Docket No. 47. Regarding all other documents at issue, the Court granted INSPIRA's *in camera* review request, stating that "Defendants' privilege claim appear[ed] proper." Id.

Unsatisfied with the Court's determination, INSPIRA filed a motion for reconsideration regarding document No. 38. Docket No. 55. According to INSPIRA, "*in camera* inspection of such document w[ould] prove that [Defendants'] arguments are correct and that Document 38

---

[1] Familiarity with this and the other Order mentioned bellow is assumed. The Court's legal discussion about the attorney-client privilege is laid out in those Orders. For simplicity and brevity, this Opinion & Order contains no legal citations, it is limited to the Court's interpretation of the *in camera* submissions.

**CIVIL NO. 09-1990 (SEC)**                                                                                     page 2 of 13

was drafted at Inspira's attorneys' request." Id. Docket No. 55. The Court granted INSPIRA's reconsideration motion. (Docket No. 58).

On December 17, 2010, INSPIRA filed the documents for *in camera* inspection. Docket No. 60. To the Court's surprise, however, examination of the documents proved INSPIRA's privilege claim defective, despite INSPIRA's obstinate arguments to the contrary. Worse yet, the documents reviewed revealed that all along INSPIRA had been walking too fine a line between a legitimate privilege claim and a frivolous attempt to improperly derail the case's progress. The Court's document by document analysis follows.

Altogether INSPIRA submitted three sets of documents for *in camera* inspection, each set comporting with different privileged logs INSPIRA allegedly had provided to Plaintiff. Docket No. 60. The logs are labeled as follows: (i) Index Leila Martinez <MARTHA>; (ii) Index Leila Martinez <ILEANA>; and (iii) Index Leila Martinez <OJEDA>. Id.

**A. Privileged Log "Index Leila Martinez <ILEANA>"**

The Court's analysis begins with the privileged log labeled "Index Leila Martinez <ILEANA>," as this log is the most extensive. It contains emails INSPIRA's Director of Operations, Leila Martinez, sent to other members of INSPIRA's management team. The documents are ordered numerically, in accordance with the following chronology: 25, 28, 31, 32, 38, 39, 40, 42, 46, 47, 68, 133, 134, and 205. The first email of this sequence was sent on November 5, 2007, and the last, on August 13, 2008. Put differently, the emails contained in this log began almost three months after INSPIRA hired Plaintiff (see Docket No. 1, ¶ 21), and ended weeks before Plaintiff's resignation (see Id. at ¶ 75).[2]

---

[2] Plaintiff claims that "[a]s a result of defendants' notice ... about his discharge effective on September 30, 3008, he presented a resignation letter few weeks prior to September 30, 2008" to secure a job opportunity he had elsewhere. Id.

**CIVIL NO. 09-1990 (SEC)** page 3 of 13

*i. Document No. 25*

Document No. 25 is an email sent to INSPIRA's President, Dr. Alberto Varela. INSPIRA claims that

> [i]n this document Ms. Martinez informs to Dr. Varela that Ms. Castro consulted with Inspira's attorneys regarding plaintiff and the actions to be taken as a result of said advice. Thus, the information contained therein is protected by the attorney-client privilege as it transmits and discloses the attorney's legal opinion and the implementation of said legal advice.

Docket No. 37, ¶ C(2)(a). The Court's *in camera* inspection, however, debunks INSPIRA's contentions. Rather than revealing legal advice, Document No. 25 merely informs Dr. Varela about the results of Plaintiff's first on-the-job evaluation. Although the email mentions in passing that another manager consulted with INSPIRA's attorney, and that the manager asked Martinez questions about Plaintiff, the email nowhere states that the questions asked were part of a legal consultation. The email also contains a 4-page attachment detailing Plaintiff's on-the-job evaluation's criteria and its results. In sum, contrary to INSPIRA's allegations, neither the email nor its attachment contain legal advice or privileged details about INSPIRA's legal consultations. Document No. 25 is therefore unprotected by the attorney-client privilege and must be produced.

*ii Document No. 28*

Document No. 28, as per INSPIRA's account, contains "a recount of the attorney's legal opinion with regards to the facts discussed"; thus, it is protected by the attorney-client privilege. Docket No. 37, ¶ C(2)(b). In reality, however, all that document No. 28 reveals is that Martinez sent an email to INSPIRA's attorney concerning an on-the-job description for the Therapeutic Homes Coordinator position (Plaintiff's position), and that the attorney did not receive the email. Document No. 25 neither contains legal advice nor state privilege details about INSPIRA's legal consultations; therefore, it must be produced.

**CIVIL NO. 09-1990 (SEC)**                                                                 page 4 of 13

*iii. Document No. 31*

Document No. 31 is another email Martinez sent to Dr. Varela. INSPIRA alleges that the email is privileged because it "describes in detail the legal consultation made by Ms. Castro and Ms. Martinez with attorney Fernando Baerga regarding plaintiff and the advice received from Inspira's attorney. It also describes in detail attorney Baerga's recommendations." Docket No. 37, ¶ C(2)(c). INSPIRA's remarks are again off the mark. The first paragraph of document No. 31 provides Dr. Varela with details of a meeting held between Martinez and INSPIRA's Branch Manager, Ileana Castro. This paragraph contains no privileged information. The second paragraph, the one starting with the word "Unfortunately," does contain privileged information. All but sentences three and four contain legal advice INSPIRA received from its attorney. Therefore, contrary to INSPIRA's contentions, not all content of document No. 31 is privileged. The first paragraph and sentences three and four of the second paragraph must be produced.

*iv. Document No. 32*

Document No. 32 is an email Martinez sent to Castro. INSPIRA states that the email "makes reference to the results of the consultation to atty. Baerga. Thus, the information contained therein is protected by the attorney-client privilege as it is a recount of the attorney's legal opinion with regard to the facts discussed." Docket No. 37, ¶ C(2)(d). Nevertheless, the consultation results INSPIRA underscores here were sent as an attachment to document No. 32. The text of document No. 32 contains no privileged information; it merely relates to Castro instructions Martinez received from Dr. Varela. Accordingly, document No. 32 must be produced without the attachment.

*v. Document No. 38*

Document No. 38, an email entitled "Something that happened yesterday," was sent by Martinez to Castro. INSPIRA contends that

**CIVIL NO. 09-1990 (SEC)**                                                                 page 5 of 13

> [t]his document discusses the facts that were part of the detailed factual recount submitted to the attorneys in order to seek legal advice. It also states the legal advice so far received by Inspira from its attorneys regarding plaintiff's employment status. Thus, the information contained therein is protected by the attorney-client privilege because it contains information drafted in order to seek legal advice and to put the legal advice into practice.

Docket No. 37, ¶ C(2)(e). Once again, however, INSPIRA's representations are inaccurate. Document No. 38 recounts an interaction between Martinez and INSPIRA's Human Resources Manager, Martha Gay, concerning Plaintiff's hiring process. Contrary to INSPIRA's remarks, the email in no way appears intended to be part of a legal consultation. In fact, the email's conclusion unequivocally states its purpose: "I document this for your information, since in reality I already notified Doctor Varela yesterday." Moreover, document No. 38 reveals that Dr. Varela, and not INSPIRA's attorneys, was the person who requested the so-called detailed factual recount INSPIRA refers to. Martinez's closing remarks illustrate this point: "I'm almost finished with the narration requested by the Doctor. I believe I'll finish it today." Document No. 38 is therefore a non-privileged communication which must be produced.

*vi. Document No. 39*

Document No. 39 is an email forwarding document No. 38 to an email address which appears to belong to Castro; thus, this document is not privileged and must be produced.

*vii. Document No. 40*

Document No. 40 is an email Martinez sent to Gay, with copy to Dr. Varela and to Castro. INSPIRA alleges that

> [t]he document discusses the facts that were part of the detailed factual recount submitted to the attorneys in order to seek legal advice. It also states the legal advice so far received by Inspira from its attorneys regarding plaintiff's employment status. It also mentions the consultations made by Ileana Castro and Ms. Martinez with attorney Juan Curbelo and discloses attorney Curbelo's impressions. Thus, the information contained therein is protected by the attorney-client privilege because it contains information drafted in order to seek legal advice and to put the legal advice into practice.

**CIVIL NO. 09-1990 (SEC)**                                                                     page 6 of 13

Docket No. 37, ¶ C(2)(g). As done previously, however, INSPIRA's interpretation distorts the document's real content. Rather than a discussion of facts submitted to an attorney in order to seek legal advice, document No. 40 sets forth, in detail, disagreement points between Martinez and Gay regarding the events behind Plaintiff's hiring process. Martinez's opening and closing remarks reveal the document's purpose:

> Good morning Martha and thanks for sending me the narration. Several important points on which I need clarification.
>
> ****
>
> So in your narration there are a series of inconsistencies, but its your best recollection. What we have to do right now is continue to document everything. Thank you....

One sentence of document No. 40, a five-page email, does state legal advice INSPIRA received in connection with Plaintiff's employment. Specifically, lines 25 to 29 of page three reveal legal advice protected by the attorney-client privilege. The rest of the document, however, is devoid of legal advice or privileged details about INSPIRA's legal consultations. In fact, the Court interprets document No. 40 as a communication intended to apprise Dr. Varela of the different perceptions Martinez and Gay held about Plaintiff's hiring process. The document appears unrelated to a legal consultation, and, other than the highlighted sentence, it contains no privileged information. Accordingly, document No. 40 must be produced, except lines 25-29.

      The same holds true about an attachment that accompanies document No. 40. The attachment is a two-page document, with 16 bullet points describing Gay's version of the events surrounding Plaintiff's hiring process. Other than bullet No. 15,[3] which must be redacted as it

---

[3] The first sentence of this bullet begins as follows: "On September 18 I spoke over the telephone with Attorney Curbelo...." The first sentence of the next bullet begins with the words "My last day of work...."

**CIVIL NO. 09-1990 (SEC)**                                                                      page 7 of 13

describes legal advice Gay received in connection with Plaintiff, the document contains no privileged information and must be produced, except bullet 15.

   *viii. Document No. 42*

Document No. 42 is an email Martinez sent to Gay. INSPIRA claims that with the email

> Ms. Martinez informs to Ms. Gay the instructions received from Inspira's attorneys. It also confirms that the previous documents (documents #38 and #41) as well as the detailed recount requested therein were drafted to provide information to Inspira's attorneys in order to obtain a legal opinion. This e-mail specifically states that "said document will then be sent to the atty. and he will be consulted as to how to proceed, once he has everything in front of him...."

Docket No. 37, ¶ C(2)(h) (internal quotation in original). The Court interprets document No. 42 differently. This document contains two email communications exchanged between Gay and Martinez. In the first email, Gay informs Martinez that INSPIRA's Human Resources Department did not have Plaintiff's on-the-job 2nd and 3rd evaluations. This email contains no privileged information.

The second email is Martinez's reply message explaining why Plaintiff's evaluations were not sent to Gay. There, Martinez establishes that she received instruction on how to proceed with Plaintiff's evaluations, and that an attorney "will be consulted on how [INSPIRA] should proceed...." Therefore, read in insolation, the second email of document No. 42 seems to lend credence to the interpretation INSPIRA advances.

All changes when previous documents are considered. Specifically, document No. 38, which was written six days before document No. 42, unequivocally states that Dr. Varela, and not INSPIRA's attorneys, requested the "detailed recount" referred to in document No. 42. Moreover, document No. 42 states that Martinez was to send the "detailed recount" to Dr. Varela "for his verification and comments." These observations together with the fact that document No. 42 is written in the passive voice, thus failing to state explicitly who's instructions Martinez was

**CIVIL NO. 09-1990 (SEC)**  page 8 of 13

following, call into question the interpretation INSPIRA provides to document No. 42. INSPIRA's less than candid representations in connection with other documents produced *in camera* further supports the Court's interpretation. In other words, INSPIRA has failed to persuade the Court that Document No. 42 is privileged; thus it must be produced.

*ix. Documents No. 46 and 47*

Documents No. 46 and 47 were already produced by INSPIRA as per a previous Court Order. Docket No. 47. The Court need not address these documents here.

*x. Document No. 68*

Document No. 68 contains three emails exchanged between Martinez and Dr. Varela. INSPIRA argues that the document

> discusses the legal advice received from Inspira's attorneys through a telephone conference. In his e-mail, Dr. Varela informs Ms. Martinez the actions to be taken as a result of the legal advice from Inspira's attorneys. Thus, the information contained therein is protected by the attorney-client privilege as it transmits the legal advice received by Inspira's president to plaintiff's immediate supervisor.

Docket No. 37, ¶ C(2)(k).

INSPIRA's representations baffle the Court. First, document No. 68 makes no reference to the telephone conference INSPIRA allegedly held with its attorneys. Second, the document contains no information about actions to be taken by Martinez. Specifically, the first email of this document informs Dr. Varela about a new hire INSPIRA recruited to substitute Plaintiff. The email discusses the new hire's academic and professional credentials, her intended role at INSPIRA, and Martinez's impressions about her. The second email lays out Dr. Varela's reaction about the new hire, and the third is Martinez's two-sentence response to Dr. Varela. Therefore, contrary to INSPIRA's representations, document No. 68 contains no privileged information.

Two additional observations support this conclusion. First, the following language abounds in Dr. Varela's reply to Martinez: "I had understood from you," "even though that I

understand," and "I understand that I had talked to you." Second, when Dr. Varela wrote his email, he thought Plaintiff no longer worked for INSPIRA, as Dr. Varela's own remarks clearly show: "Even though I understand that [Plaintiff] cannot work with us and he is not with us...." Therefore, to argue that in the email Dr. Varela provides instructions to Martinez about how to proceed in connection with Plaintiff is nonsensical. Accordingly, document No. 68 must be produced.

*xi. Document No. 133*

Document No. 133 contains three emails: (i) an email Martinez sent to INSPIRA's management team; (ii) Gay's reply to Martinez's email; and (iii) Martinez's response to Gay. INSPIRA claims that in the email

> Ms. Martinez discusses the legal advice received from Inspira's attorneys regarding another employee. In this e-mail Ms. Martinez informs the coordination of a meeting with attorney Fernando Baerga and discusses the legal advice received from Inspira's attorneys regarding another employee (not plaintiff). This document is not related to plaintiff's employment, but was responsive to plaintiff's broad electronic discovery request. Thus, the information contained therein is protected by the attorney client privilege as it discloses the attorney's legal opinion with regards to the facts discussed.

Docket No. 37, ¶ C(2)(l). INSPIRA's representations are yet again inaccurate; document No. 133 contains no legal advice or other privileged information. The email Martinez sent to INSPIRA's management team states that she made an appointment with INSPIRA's attorneys and invites other managers to attend. The email then discusses unrelated topics, including details about an outing INSPIRA apparently was planning for employees. The second email states that Gay cannot attend to the meeting with the attorneys at the scheduled time, and the third informs Gay that the meeting with the attorneys was cancelled. Therefore, document No. 133 must be produced.

**CIVIL NO. 09-1990 (SEC)**                                                                                      page 10 of 13

*xii. Document No. 134*

Document No. 134 is an email exchange between Martinez and Castro. The first email states that Castro had a meeting scheduled the date Martinez set the meeting with attorneys referred to in document No. 133. The second email states that the meeting with the attorneys was cancelled. Therefore, INSPIRA's representations that these emails "contained information protected by the attorney-client privilege" is inaccurate. Thus, document 134 must be produced.

*xiii. Document No. 205*

Document No. 205, the final email of the first privileged log, is an email Martinez sent to Dr. Varela. INSPIRA argues that

> this email establishes that documents #38 and #41 as well as the detailed recount therein requested were drafted to provide information to Inspira's attorneys in order to obtain a legal opinion. It also states the instructions she received in a meeting with Inspira's attorneys and discloses the legal advice received from the attorneys. That the document is identified as confidential by the sender confirms the privileged nature of the same. Therefore, the information contained therein is protected by the attorney-client privilege.

Docket No. 37, ¶ C(2)(n). INSPIRA's representations fail to comport with this document's content. Document No. 205 is divided into two sections. In the first section, Martinez notifies Dr. Varela about a conversation she had with Plaintiff, after Plaintiff walked into her office requesting a meeting. There is no privileged information in this section of the email.

In the second section, Martinez asks Dr. Varela to "[p]lease give [her] specific instructions" on a different matter. Although here Martinez states that she "was requested, at the table of an attorney, to write a long and detailed narration" in connection with Plaintiff's job at INSPIRA, she does not state who requested the narration. The Court already established, that the emails reviewed *in camera* suggest that Dr. Varela, and not INSPIRA's attorneys, requested such narration. This email contains no information from which to draw a different conclusion. Moreover, contrary to INSPIRA's representations, this section of the email does not "state[] the

**CIVIL NO. 09-1990 (SEC)**                                                                 page 11 of 13

instructions [Ms. Martinez] received in a meeting with Inspira's attorneys and discloses the legal advice received from the attorneys." Thus, Document No. 205 is not privileged and must be produced.

**B. Privileged Log "Index Leila Martinez <MARTHA>"**

The Court now turns to the privileged log labeled "Index Leila Martinez <MARTHA>." This log contains eight documents numbered as follows: 38, 41, 43, 94, 153, 155, 156, and 252. Nevertheless, with the exception of document No. 38, the documents in this privileged log are exact copies of documents discussed previously. Specifically, documents No. 41, 43, 94, 153, 155, 156, and 252 of this log are copies of documents No. 40, 42, 68 and, 133, 134, and 205 discussed above, respectively. These documents are therefore unprotected by the attorney-client privileged and must be produced according with the aforementioned discussion.

Regarding document No. 38 of this log, it is an email sent on December 3, 2007 by Martinez to Gay. INSPIRA alleges that in this document Martinez requests from Gay

> a detailed factual recount of plaintiff's employment process. The e-mail specifically states that said factual recount will be sent to "our attorneys...." It also states that Ms. Gay's factual recount will be attached to another factual recount that was been drafted by Ms. Martinez and that will be sent to the attorneys. An examination of this e-mail shows that Ms. Martinez, on Inspira's behalf, was gathering information for Inspira's attorneys to obtain legal advice. Furthermore, the document shows the intent to keep such information confidential. Thus, the elements to establish the attorney-client privilege are present.

Docket No. 37, ¶ C(1)(a) (internal quotations in original). For a change, INSPIRA's representations as to the content of this document are accurate. Nevertheless, INSPIRA's legal conclusions are incorrect. The fact that the email states that the factual recount at issue will be sent to INSPIRA's attorneys does not make this document privileged. The dispositive inquiries here are whether the email (i) was prepared at an attorney's request, and (ii) was intended to secure legal advice. As discussed previously, the documents produced *in camera* suggest that Dr.

**CIVIL NO. 09-1990 (SEC)**                                                          page 12 of 13

Varela, not INSPIRA's attorney's, requested the factual recount document No. 38 mentions. Martinez unequivocally states so in one of her emails: "I'm almost finished with the narration requested by the Doctor." Moreover, even though that document No. 38 states that INSPIRA's attorneys will be consulted, nowhere does the document state that attorneys were behind Martinez's request to Gay. All the contrary, the Court interprets document No. 38 as a communication created internally before procuring legal advice, and Martinez's remarks support this interpretation: "We have to prepare our self in advance with all the necessary data, and clear data in case we need it further on." Thus, INSPIRA has failed to persuade the Court about this document's privileged status; it must be produced.

**C. Privileged Log "Index Leila Martinez <OJEDA>"**

Finally, the privileged log labeled "Index Leila Martinez <OJEDA>" contains four documents: documents No. 222, 227, 228 and 338. Respectively, these documents are copies of documents No. 133, 134, and 205 discussed previously. Therefore, these documents must be produced, as per the above discussion.

## CONCLUSION

The discovery process delineated in the Federal Rules of Civil Procedure is intended to allow litigants to "prepare for trial in a manner that will promote the just, speedy, and inexpensive determination of the action...." 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure §2001, p. 22 (3rd ed. 2010). "Thus, the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues...." Burlington Northen & Santa Fe Ry. Co. v. United States District Court for the District of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005). Courts are called upon to curve gamesmanship of this sort, with a wide degree of latitude afforded for the task. Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir.1996).  Here, INSPIRA's conduct in connection with the *in camera* submissions comes dangerously close to the sort of strategic gamesmanship frown upon by Courts. Accordingly, INSPIRA's counsel are **ADMONISHED** for their conduct. Similar conduct in future proceedings will result in more severe sanctions. Furthermore, INSPIRA is **ORDERED** to produce all the documents submitted *in camera*, with the edits and exceptions discussed above.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of January, 2011.

> s/ *Salvador E. Casellas*
> Salvador E. Casellas
> U.S. Senior District Judge